Barrett *v.* Stow.

BENJAMIN F. BARRETT, Appellant, *v.* WILLIAM H. STOW, for the use, &c., Appellee.

APPEAL FROM COOK CIRCUIT COURT.

Where an agreement was made in writing by defendant with plaintiff, to put a composition roof upon a building owned by plaintiff : — *Held,* that parol evidence was admissible, to show whether the parties intended to embrace within the agreement a one story rear part of said building.

THIS cause was tried before MORRIS, Judge, and a jury, at November term, 1853, of the Cook Circuit Court.

The facts of the case are stated in the opinion of the court.

H. B. HURD, for appellant.

A. W. WINDETT, for appellee.

CATON, J. By an agreement bearing date 26th of July, 1850, Barrett agreed with Stow that he would put a good composition roof " upon the building owned by said Stow, situated on Randolph street, Chicago, and warrant the same for the term of five years." This suit is brought for a breach of that warranty. The testimony shows, that Stow had a building of eighty feet front on Randolph street. The main building is thirty-six feet deep, and has a one story rear part attached twenty-six feet deep. The composition roof was put upon both the main building and the one story attachment in the rear, both of which roofs, the testimony tended to show, were defective.

Upon the trial, the defendant below proved by Mr. Paul, his foreman, who superintended the putting on of the roof, that while they were putting the roof on the main building, Mr. Stow came to him and asked him if they could put on their kind of roofing over shingles, and that the witness answered Stow, that they could, but that Mr. Barrett would not warrant a roof so put on. The witness also testified, that this conversation was the latter part of July or first of August, 1850, and after he had been some time at work on the main building. The witness did not know when the contract was made, but at this time Barrett had been absent five or six weeks and did not return till some time after the work was completed. This testimony was ruled out by the court, and an exception taken. The de-

Barrett *v.* Stow.

fendant also offered to prove by the same witness, that there was already a shingle roof upon the one story attachment. This evidence the court also rejected, to which an exception was taken. In these decisions, we think, the court erred. It was a question fairly open to controversy upon the trial, whether the parties intended to embrace in the written contract and warranty, only the roof upon the main building, or whether the one story attachment in the rear was also designed to be included. Upon this subject the contract as written is not specific, and in order to understand the meaning of the parties, it is proper to ascertain such extrinsic facts as the parties had in view at the time the contract was made, in order to ascertain their true meaning. Doyle *v.* Teas, 4 Scam. 202. Hence it was important to learn, whether there was already a roof upon the rear one story part. If that was the case, it would tend strongly to show that it was not the intention of the parties to embrace that roof, as well as the one upon the main part. This conclusion would be much strengthened by the fact, that Stow himself, while the work was going on upon the main building, made the inquiry of the foreman, whether that kind of roof could be put upon shingles, thus strongly intimating that he did not understand that the roof already shingled was embraced in the contract. It is barely possible, it is true, that the contract had not been actually executed at this time, and indeed not till after the work was all done, and the evidence certainly shows, that it was not executed in Chicago, at least at the time it bears date, for Barrett was absent for more than a month before that time, and did not return for a long time thereafter, and not till after the work was completed. But I think the strong probability is, that the contract was in fact made before the work was done, and before Barrett went to Detroit. At any rate, so long as the evidence offered was proper to show the intention of the parties, under any aspect of the case which might be fairly assumed, the court should not have excluded it. It was certainly important for the defendant to show, as he had a right to do by any legitimate evidence, that the warranty did not embrace the roof upon the one story part, for damages were claimed for imperfections in that roof as well as in the one on the main building.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*