Johnson, J.
The evidence of usage failed to show that either sixteen and one-half or twenty-five cubic feet made a perch, in this class of work. It left the meaning of the term perch ambiguous and uncertain. In this state of the proof, the defendant offered to prove that the word perch was not used by either of them, and that the parties verbally agreed on 18 cents per cubic foot as the price of the stone, and that the at *590 torney employed to reduce the contract to writing, of his own motion, and without instructions from either party, made the change from feet to perch, and the price from 18 cents per cubic foot to $4-.50 per perch, this being at the same rate, if twenty-five feet is a perch, but if sixteen and one-half feet is a perch, then the price per cubic foot would be over twenty-seven cents.
In determining the question presented, we can derive little or no aid from the cases where custom or usage is shown, to enable the court to interpret the meaning of doubtful or ambiguous words, or of words or terms that have a special, technical or peculiar meaning, as applied to particular kinds of trade or business. Hence it is not necessary to cite or comment on this class of cases. The rule which admits this bind of testimony is not at variance with the other general rule, that parol contemporaneous evidence is not competent to modify or contradict the terms of a written contract. The object of evidence of such usage is not to vary or modify the writing, but to ascertain its meaning, when words and terms are used which are ambiguous, or have a technical or particular signification when applied to the subject matter.
In the present case, the claim is, that the rejected evidence was not offered to vary, modify or contradict, the terms of the contract, but, as the evidence of usage in the business left the word used ambiguous, it was proper to show in what sense the parties used it. When that is ascertained, the contract has a definite meaning, and its terms, as construed in the light of this evidence, constitute the measure of obligation. The reason why usage is resorted to is to ascertain, not to vary, the intention of the parties, inasmuch as they are presumed to have contracted with reference to the known usage of the business. For the purpose for which this rejected evidence was offered, we think it was competent. The parties used a. word employed in the kir 1 of business in which they were engaged. As applied to this kind of work, it had no general meaning nor any fixed technical meaning.
The object was not to vary, but to develop the meaning of the contract, by ascertaining the sense in which this word was *591 intended to be used. Numerous text-books and cases could be cited illustrating this rule and its proper limitations. Thus, where the defendant’s agent, by letter, offered to purchase plaintiff’s wool. In the correspondence the offer was in terms to purchase “ your wool.” Evidence of previous conversations between the parties was admitted, showing that the plaintiff had some wool, of his own clip, and some he had purchased, which he was offering for sale. The object of this evidence was to show in what sense the defendant used the term “ your wool,” by showing, by their previous negotiations, that at the time the offer by letter was made, he did not refer to the wool from plaintiff’s clip merely, but to all the seller had on hand. Lord Campbell says: “ There cannot be the slightest objection to the admission of evidence of previous conversations, which neither alters nor adds to the written contract, but merely enables us to ascertain what was the subject matter referred to therein.” There the subject matter, as was shown by extrinsic evidence, was uncertain, and oral evidence was admitted to fix or ascertain the meaning of the term “ your wool.” McDonald v. Longbottom, 102 Eng. Com. Law, 977.
So where there was a sale, by written contract, of “ winter strained lamp oil,” equal to a sample exhibited, the proof showed there were two kinds of such oil: one sperm oil, the other whale oil, the latter of which was inferior in quality. Evidence was held admissible to show that, in conversation at the time the contract was made, this was explained to the purchaser, and that he was then informed that it was not sperm oil he was selling. Hart v. Hammett, 18 Vt. 127.
In a contract made in Alabama during the rebellion, to pay “ dollars,” parol evidence was admitted showing the circumstances under which the contract was made, and that, in fact, at the time and place, the only dollars in use were Confederate dollars. Thorington v. Smith, 8 Wall. 1.
In the charter of the whole tonnage of a vessel, except necessary quarters for the officers and crew and storage of provisions, water and fuel, proof of conversations between the parties, when in negotiation in relation to the excepted parts required for use by the officers and crew was properly admitted, *592 as it did not tend to vary or contradict the written contract, but only to point out the subject to which it applied. Almgren v. Dulith, 1 N. Y. 28. Without extending quotations, we add a few authorities where this [principle is adhered to: Shore v. Wilson, 9 Cl. & F. 555; Barret v. Stow, 15 Ill. 423; Grap v. Harper, 1 Story 574; Brown v. Brown, 8 Met. 576; Attorney General v. Shore, 11 Sim. 592-632; Wharton on Evidence, §§ 938-943; Stoops v. Smith, 100 Mass. 63; Miller v. Stevens, Ibid. 518; Sweet v. Shumway, 102 Mass. 367.
Webster v. Paul, 10 Ohio St. 531, illustrates one of the limitations of this rule, as to the admission of parol evidence. By written contract Paul had agreed to -ship from Ohio to New York a lot of hogs, and to sell them for the owner, who claimed damages for breach of the contract. On the trial it was shown that there were two routes to New York — one by the lake, the other all rail — that the latter, which was more expensive, was adopted. The owner of the hogs offered to show, by parol, that, at the time the contract was executed, it was verbally agreed that the lake route should be adopted. It was held, that this evidence was properly rejected. The foundation on which this opinion rests is, that by the terms of the writing, Paul had an option to adopt either of the two routes, and that the parol contract, if proved, would vary the terms of the written contract, by limiting him to a single route when the written contract left a discretion in him.
So in a contract for “ ware potatoes,” where on the trial it appeared there were two kinds of “ware potatoes ” known in the market, one inferior to the other, parol evidence to show that the contract was in fact, for the best, was inadmissible, for the reason, as we suppose, that by the terms of the contract the seller was not limited to a delivery of that kind, which was of best quality, if the inferior kind was within the term “ ware potatoes,” and therefore the evidence went to vary the written contract. Smith v. Jeffries, 15 Mees. & W. 561.
Since the adoption of the Revised Statutes (§ 4433), a perch of mason work is fixed at twenty-five feet. Prior to that time, and when this contract was executed, the term was *593 ambiguous as applied to mason work, other than cellar walls and railroad work.
If books are referred to, they furnish no certain guide. Webster says 16-J- feet make a a perch. Worcester gives no definition in cubic measure. The New American Encyclopaedia says 25 feet. In some arithmetics 16^- feet, in others 25, while in others again 24f feet, are given as a perch. In Haswell’s Engineers & Mechanics’ Book — a leading authority on the subject, and one in general use — 24f feet are given as a perch of stone. In this state of doubt and uncertainty, and in the absence of an express statutory definition, we hold that the rejected testimony was admissible, to show in what sense the word was used in the written contract. It does not tend to vary the terms of the writing. It simply enables the court to ascertain what its terms mean, and to construe and enforce it as the parties intended. It is proper to add that it does not appear that the error, in rejecting this evidence, was cured by the verdict.

The judgment of the district court is affirmed.