### D. M. OSBORNE & CO. v. STRINGHAM et al.

1.  The common-law rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument was intended to guard against fraud and injustice by not permitting parties to deny their solemn agreements or overthrow them by the uncertain words and memories of unreliable witnesses, yet it should not be invoked as a shield to fraud, or be so applied as to work injustice.
2.  Uncertain written contracts are open to explanation, and parol evidence is admissible to explain ambiguities, latent or patent.

(Syllabus by the court.   Argued Oct. 16, 1890.   Opinion filed Dec. 18, 1890.)

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Action upon a promissory note made by one of the defend-

ants to plaintiff and guarantied by the other defendant. Defense that the note was not given for any indebtedness but as collateral for a balance due on settlement. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for a new trial.

The material facts are fully stated in the opinion.

*Bailey. Davis* and *Lyon*, for appellants.

The note in suit was given merely as collateral security for any balance that might be due plaintiff from the defendant, N. E. Stringham. It was a mere incident of the debt; not the evidence of the debt itself. It was incumbent on plaintiff to prove the true amount due.

The document introduced by plaintiff as an account stated was simply in the nature of a receipt and was open to explanation. 1 Greenl. Ev., § 305; Haggard v. Loring, 10 Cush. 267; Harris v. Johnson, 3 Cranch. 311; Whart. Ev. §§ 1064, 1070; Ryan v. Ward, 48 N. Y. 204; Abbe v. Eaton, 51 N. Y. 413.

The instrument executed and delivered contemporaneously with the note in suit by the plaintiff to defendants refers to the balance due on settlement and the settlement is its subject matter. Parol evidence was admissible to apply the instrument to its subject matter, Comp. Laws, § 3562; 1 Greenl., Ev. §§ 286, 287, 288, 289; Pierce v. Parker, 4 Met. 80. If ambiguous, parol evidence was admissible to explain. 1 Greenl., § 298.

*Winsor* and *Kittredge*, for respondent.

The document of November 30th. 1887, was in effect an account stated between the parties and is conclusive upon them unless impeached for mistake or fraud. There are no allegations of mistake or fraud in defendant's answer and no evidence was offered by defendants to impeach the writing on either of these grounds. § 3545, Comp Laws; Martin v. Beckwith, 4 Wis. 219; Leaycraft v. Dempsey, 15 Wend. 310.

BENNETT, J. This action was brought upon a promissory note made by N. E. Stringham, and guaranteed by A. J. Stringham, to D. M. Osborne & Co., for $190.82, dated January 12, 1888. Defendants in their answer admit the execution of the note and the guaranty, but by way of defense allege that, be-

fore giving the note, the plaintiff and the defendant N. E. String-
ham, entered into an agreement in writing wherein the plaintiff,
appointed the said N. E. Stringham their agent to sell certain ma-
chines and property for the plaintiff in the counties. of Minne-
haha and Lincoln, for certain commissions and compensations
therein specified. That said agreement was from time to time
modified by the parties thereto; that the last of such modifica-
tions was made on or about July 11, 1887, whereby in consider-
ation that the said N. E. Stringham would continue in said
agency, and in order to enable him to meet certain competition
in said business, which was for the material benefit of both
parties, and for other good and valuable considerations, the
plaintiff promised and agreed to furnish said N. E. Stringham
all such flax attachments and bundle carriers as he should sell
under his agency, free of charge, and would not enter those so
furnished in the account against him. The said N. E. String-
ham did continue in said agency, and did sell certain flax at-
tachments and bundle carriers,—to-wit, 14 flax attachments,
and 15 bundle carriers—which the plaintiff furnished, and
which under said last modification of the agreement should not
be charged to the said N. E. Stringham. That said note was
not given for any specific indebtedness to the plaintiff, but was
given only as collateral security for whatever balance should
be found due the plaintiff from said N. E. Stringham upon a
settlement between them. That no such settlement has ever
been had. That there is not and will not be found due the
plaintiff but a small balance, if anything. And that said N. E.
Stringham has paid all or nearly all that is due the plaintiff
from him. Trial by jury, verdict and judgment for plaintiff,
appeal taken to this court.

The note which was the subject matter of the suit is as fol-
lows: "$190.82, Sioux Falls, Jan. 12, 1888. For value re-
ceived on the first day of June, 1888, I, or we, or either of us,
promise to pay to the order of D. M. Osborne & Co., a corpor-
ation organized under the laws of the state of New York, one
hundred and ninety and 82-100 dollars, at the office of the Sioux
Falls National Bank, in Sioux Falls, with interest at 7 per cent

per annum from date until paid. N. E. Stringham." Which note is endorséd as follows: "For value received, I, or we, hereby guarantee the payment of the within note at maturity, and at all times thereafter, and waive demand, protest, and notice of non-payment thereof. A. J. Stringham." At the time of the execution of the above note, and contemporaneous with it, the following paper was executed and delivered to defendants by R. J. Rigby, the general agent of D. M. Osborne & Co.: "Sioux Falls, Dak., Jan. 12, 1888. Received of N. E. Stringham his note, end. by A. J. Stringham, for $190.82, dated 1–12–1888, to be held as collateral to bal. due on settlement with D. M. Osborne & Co. for season of 1887. R. J. Rigby. For D. M. Osborne & Co." Upon the trial, N. E. Stringham, one of the defendants, testifying in his own behalf, said, that there was no final settlement between himself and plaintiff at the time the note was given, and that it was given as collateral for whatever there might be due from him to plaintiff when they settled; that there has never been any settlement between them since the note was given. At this time, plaintiff, by way of cross examination, put in evidence what is claimed to be an account stated, dated November 30, 1887, showing a balance due from defendant N. E. Stringham to plaintiff of $975.82. The introductory part of this exhibit was as follows: "For the sake of convenience and uniformity in keeping consignment accounts, D. M. Osborne & Co. enter all goods consigned to agents at uniform figures, which may be called "wholesale prices." Prices which goods actually net D. M. Osborne & Co. are figured in accordance with terms of existing contracts, and this account of sales is based entirely upon the contracts, although for convenience only, as above stated, what may for this purpose be termed 'wholesale prices' are used in making up the summary instead of the list prices named in contracts." Then followed a statement of items which it is not necessary to set out in full, but concluding as follows: "I herewith submit to you the within account of sales made by me during the season of 1887, of goods consigned to me by you under this season's contract, showing proceeds of sales of same as received by me, in detail, together

with summary showing statement of account figured upon basis of net wholesale prices, as explained on first page of this statement; and amount due me in full for all services rendered, and disbursements made by, me including all claims of every kind or nature to date. Yours respectfully, N. E. Stringham, Local Agent." The defendant then testified that he never had a final settlement with the plaintiff; never closed a complete settlement; that he had an account which he claimed against the company; that it was never adjusted or settled up. Subsequently, at the trial, the defendant made several offers in evidence, which are in substance as follows: "Of the amount the defendant N. E. Stringham was owing the plaintiff at the time of the execution of the note; the reason why the receipt or contract was given; whether there was to be a future adjustment of the amount that was to be paid upon the note in order to liquidate it; whether there were any differences between the defendant N. E. Stringham and the plaintiff as to the amount owing the plaintiff on January 12, 1888, the date of the note; and whether the said defendant refused to execute the note unless an agreement should be entered into that the amount to be paid on the note should be adjusted in the future." The plaintiff objected to these offers of evidence on the ground that they were incompetent and irrelevant; that they contradicted, and were at variance with the written note, the contemporaneous receipt or contract executed at the time the note was given, and the claimed account stated, already introduced in evidence in the case; and that, the parties having put their contracts in writing as above mentioned, the defendant was concluded from introducing any extrinsic evidence of the amount due, or that there was an unsettled account between them. The court sustained these objections, and it is to this point that our attention is directed by the assignment of errors.

The rule that parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument is too familiar to need any repetition, yet this rule does not restrict the court to the perusal of a single instrument or paper; for, while the controversy is between the orig-

inal parties or their representatives, all their contemporaneous writing relating to the same subject matter is admissible in evidence, and language used by the parties during the negotiation explanatory, and not contradictory, of the written instrument is admissible if it is uncertain or ambiguous. Thorington v. Smith, 8 Wall. 1; Barrett v. Stow, 15 Ill. 423; Stoops v. Smith, 100 Mass. 63; Hart v. Hammett, 18 Vt. 127; Sargent v. Adams, 3 Gray 72. It would be difficult to reconcile and harmonize all the decisions on the subject. Great latitude, however, has been allowed in the admission of parol evidence to prevent fraud or injustice. For this purpose parol evidence has been admitted of all the circumstances of the transactions—the subject matter, the parties, the consideration —to prove a contemporaneous, verbal agreement not directly contradictory of the written one, to supply deficiencies and omissions, so as to carrry out the true intent of the agreement, and, generally, to save a party from injustice.

The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. Whitaker v. Salisbury, 15 Pick. 534; Martin v. Berens, 67 Pa. St. 461, and cases cited in that opinion; Earle v. Rice, 111 Mass. 20; Bradford v. Bank, 13 How. 57; Wilson v. Powers, 131 Mass. 539. When a deed or other writing has been obtained by fraud, or, when there was no fraud in abtaining it, but it is being used or attempted to be used for a purpose different from what was intended, parol evidence is admissible. Thomson v. Wnite, 1 Dall. 427. The principle running through all the cases seems to be this: That the common law rule, which was intended to guard against fraud and injustice by not permitting parties to deny their solemn written agreements, or overthrow them by the uncertain words and memories of unreliable witnesses, should not be in voked as a shield to fraud, or be so applied as to work injustice. The case at bar was upon a promissory note given January 12, 1888, by N. E. Stringham, and guaranteed by A. J. Stringham. Contemporaneously and simultaneously was given to defendant a written receipt for the note, coupled with a contract, by the

general agent of plaintiff, that the note was to be held as collateral security for a balance due on settlement from N. E. Stringham to plaintiff, for business done in the season of 1887. This writing inferentially showing that some settlement is to be the subject matter of the note, to what settlement has it reference? A settlement already made, or one to be made? Was it the one alleged to have been made in November, 1887, and of which the instrument in writing signed by N. E. Stringham was the evidence, or was it one that was to be made in the future? From a fair construction of the language of the receipt or contract given with the note, it can hardly be held to have reference to the November statement, for by that document it will be seen that the date does not correspond with either the note or receipt, nor does the amount of the note and balance of the statement. The balance shown on the statement is over $900. The note was given for $190.82, which cannot reasonably be considered as a collateral security for $900. If a settlement had actually been made at that time, and the balance had been struck upon the final adjustment of the whole account, and the demands of both sides fully settled, it would seem that, as a matter of fact and a common business transaction, if plaintiff wanted security for that balance, it would have required a guarantied note for the amount of the balance, and that in the receipt for it some mention would have been explicitly made of it. As it was, nothing of this kind was done. If this contruction is not plain and plausible, but uncertain and ambiguous, the written contracts are open to explanation, and parol evidence is admissible to explain ambiguities, latent or patent. 1 Greenl. Ev. § 298.

A contract may be explained by a reference to the circumstances under which it is made, and the matter to which it relates. Section 3562, Comp. Laws. But plaintiff's contention is that the November statement was a final settlement with defendant N. E. Stringham. This cannot be, because the defendant positively testified, without objection that it was not, and the instrument itself does not contradict the testimony. A critical examination of it will show that this statement was

made on a general form which plaintiff adopted, upon which, for convenience, they kept consignment accounts with all of their agents, and it was only intended to specify prices, quantity, delivery of goods, receipts of payment, discounts, etc., to be used in making up the summary instead of the list prices named in contracts made with agents. It was not designed to embody the te ms and conditions of any contract. It is lacking in the essential elements of an account stated. To make an account stated, there must be a mutual agreement between the parties as to the allowance or disallowance of their respective claims, and to establish such an account so as to preclude a party from impeaching it, save for fraud or mistake, there must be proof of assent to the account as rendered, either expressed or implied. Two facts are necessary to make one debtor and creditor: There must be a mutual agreement between them as to the allowance and disallowance of their respective claims, and as to the balance struck upon the final adjustment of the whole account and demand of both sides. Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct. Bass v. Bass, 8 Pick. 187; Stenton v. Jerome, 54 N. Y. 480; Volkening v. De Graaf, 81 N. Y. 270.

Again, this action was not brought on the alleged settlement, but on a collateral note given long subsequently to it. The answer of the defendant was responsive to the allegation of the complaint, and, to be effective, it was only necessary to either admit or deny the execution of the note, or to plead such affirmative defenses as would destroy its effect. The November statement was introduced at the trial as evidence tending to contradict or overturn the testimony of defendant N. E. Stringham that there had been no settlement between him and plaintiff. As such evidence, it was open to explanation, impeachment, or correction, and its effect and probation force after such explanation, impeachment or correction should be left to the jury, like other contradictory evidence. Construing the two instruments together, that is, the note and receipt, it will be seen that the plaintiff

could have no greater interest in the note than whatever amount was found to be due upon a settlement had between them and defendant N. E. Stringham. The note standing alone was sufficient evidence that the amount called for in it was due from the defendant N. E. Stringham, but, when qualified by the receipt or contemporaneous agreement, it was no evidence of the debt due from that defendant at the time the note was given. We think it was error to exclude the evidence offered; and for this error the judgment of the court below is reversed, and the cause remanded for a new trial. All the judges concurring.