SMITH, Respondent, v. JOHNSON, Appellant.

(153 N. W. 376.)

(File No. 3609.   Opinion filed June 21, 1915.)

1.  **Specific Performance—Cancelled Desert Land Filing—Value of Desert Land Contracted to be Sold, Sufficiency of Evidence.**
    In an action by vendor for specific performance of contract of sale of realty, embracing a desert land filing which was can-

celled after the sale was made, **held,** that the evidence was insufficient to sustain finding that the value of such filing was trifling.

2. **Vendor and Purchaser—Action for Price—Desert Land Filing—Loss of Filing by Vendee's Neglect—Measure of Damages.**

Where title has passed to vendee under a contract of purchase of land, including a desert land filing, and his rights under such filing were thereafter lost through his neglect to perform the necessary work under the filing, **held,** that plaintiff, the desert land entryman, could, in a suit for purchase money under the contract, recover full purchase price without deduction, notwithstanding the cancellation of the filing. **Dictum.**

3. **Vendor and Purchaser—Action for Damages—Loss of Desert Land Filing by Vendor's Failure to Perform Work After Sale—Right to Recover Damages.**

If vendor sued for breach of contract to purchase land, including a desert land filing, he would be entitled to recover damages, regardless of the cancellation of the filing for failure to perform the necessary work on the land after date of contract, the cancellation of the filing being foreign to his right to recover. **Dictum.**

4. **Specific Performance—Sale of Desert Land Entry Filing—Plaintiff's Inability to Perform, Owing to His Failure to do Work Under Filing—Effect of, on Remedy.**

Where a vendor under a contract of sale of land, including a desert land filing, failed, after contracting to sell, to perform work on the land necessary to preserve the filing, so that it was cancelled, **held,** that he could not maintain specific performance against the vendee; since he must at all times have kept himself ready and able to fully perform his contract of sale, and must preserve the property and control of the title thereto, although a court of equity may excuse a vendor who has innocently contracted to convey something slightly different or greater than he is able to convey.

Appeal from Circuit Court, Custer County. Hon. Levi McGee, Judge.

On rehearing. Former decision reversed, together with the judgment and order below appealed from.

For former opinion, see 35 S. D. 151, 151 N. W. 46.

*Null & Royhl,* for Appellant.

*Lawrence H. Hedrich,* for Respondent.

WHITING, J. This is an action brought to enforce the specific performance of a contract for the sale and purchase of a certain tract of patented land, together with an 80-acre desert

land filing and a certain water right. The plaintiff is the vendor. This cause was before this court upon an appeal from a former trial had in the circuit court, and our decision will be found reported in Smith v. Johnson, 30 S. D. 200, 138 N. W. 18. Reference is made to such decison for a statement of the terms of the contract. This court granted a new trial, and the present appeal is from a judgment rendered upon such second trial in favor of plaintiff, and from an order denying a new trial; upon this present appeal this court, in a decison reported in 151 N. W. at page 46, affirmed the lower court, basing such affirmance upon the defective condition of appellant's brief. A rehearing was granted, and in connection therewith appellant was granted leave to and he has filed in this court a new brief, which in all respects complies with the statute and the rules of this court.

[1] Plaintiff has assigned numerous errors, but we find it unnecessary to consider any assignments, except one questioning the sufficiency of the evidence to sustain a finding that the desert land filing was of trifling value. The patented land described in the contract for sale was one tract comprising all of a certain section, except the east half of the southeast quarter of said section, and a portion of the northwest quarter of said section, and the desert land filing covered such portion of the northwest quarter of said section. It would seem from the evidence offered, that land entered under the desert land laws becomes the property of the entryman upon the payment of a certain trifling sum in cash and upon proof that said entryman has for four years performed upon said land certain work amounting to at least the sum of $1 per acre for each year. The filing in question had been made in May, 1908. The contract sued upon was made in March 1910. From the evidence of plaintiff himself it would appear that the necessary work for the first and second annual proofs had been done upon this land, and that, in his judgment, there was around $200 worth of work done thereon in the way of ditching and fencing. He further testified that the value of such desert land filing consisted in the work that was done thereon. He also testified that the work had not been kept up on this entry; that he had done no work thereon since he made his contract with defendant; and that the filing was subject to cancellation. It was

stipulated that such filing was canceled by the Interior Department in May, 1911. In the light of the above evidence, and also in view of the fact that the evidence showed, and the trial court found, the patented land to be worth in excess of $20 per acre, and there being no evidence showing that the land entered under the desert land filing was not in its nature as valuable as the adjoining land, and would, when patented, be of less selling value, we are at a loss to understand how the trial court could find that such filing was of trifling value. The finding was clearly erroneous; furthermore, it was error for the trial court to find, as it did, that the plaintiff was ready, able, and willing to perform all of the conditions of the contract, it being conceded that at the time of trial he could not convey such desert land filing. The trial court found plaintiff entitled to recover the full contract price; this clearly upon the theory that the desert land filing was of trifling value. Was the plaintiff entitled to specific performance of the contract deducting from the contract price the value of the said desert land filing; or, being unable to comply with the conditions of the contract, has he lost the right to a specific performance of such contract?

[2, 3] Of course, if this was a mere suit for purchase money, where title had passed to the purchaser, and the rights under the desert land filing had thereafter been lost through the purchaser's neglect in performaning the necessary work, plaintiff would clearly be entitled to recover the full amount of the purchase price without deduction; furthermore, if plaintiff were now suing for damages claimed to have resulted from the alleged breach of contract, he would be entitled to recover, regardless of the cancellation of such desert land filing, such cancellation being absolutely foreign to his right of recovery.

[4] But, when one party to a contract purely executory in its nature sees fit to attempt, through an action in court, to enforce such contract, he is bound at all times to keep himself ready and able to fully perform such contract, and, to that end, he is bound to preserve the property and control of the title thereto; he cannot allow a condition to arise that will, of necessity, destroy a part of said property or deprive him of title thereto, and then invoke the rule which allows to a vendor the remedy of specific performance, even though he is not able to per-

form in accordance with the exact terms of his contract, when his inability to so perform is not due to any act or neglect upon his part. A court of equity may in certain cases excuse a vendor who has innocently contracted to convey something slightly different or greater than he is able to convey, but it will not excuse the vendor who allows ownership in that which he had and agreed to convey to pass beyond his control; it is his duty to keep his tender of performance good. We know of no case, and believe none can be found, wherein a vendor was decreed specific performance when he was unable himself to comply with the terms of his contract, and such inability resulted through his own neglect. When the vendee refused performance, he became liable to an action for damages; he also became liable to a suit for specific performance, but there rested upon him no duty to preserve the property of which he had neither possession nor ownership. If a vendor does not see fit to keep himself in a position to fully perform his contract, he should seek some other remedy than specific performance. We do not wish to be understood as holding but that there may be equitable circumstances entitling the vendor to specific performance, even though he has lost title to some of the property to be conveyed; if a vendor should advise the vendee that he (the vendor) was unable to preserve the land or its title, and warn such vendee that, if he does not take the title and preserve the property, he will yet hold him responsible for the full contract price—under such circumstances it might be equitable to enforce specific performance. No such equitable situation appears here.

The former decision of this court, as well as the judgment and order appealed from, are reversed.