MARSO, Respondent, v. HECK, Appellant.

(210 N. W. 153.)

(File No. 6072.    Opinion filed September 30, 1926.)

1.    Specific Performance—Contracts—Contract for Sale of Land Held Not, Too Indefinite to Support Decree (Rev. Code 1919, § 870).

Contract for sale of land held not too indefinite to support decree of specific performance against purchaser, though figures stipulating consideration were conflicting, and due date in mortgage to be assumed by purchaser was not set out correctly, in view of Rev. Code 1919, § 870.

2.    Evidence—Oral Testimony Held Admissible to Explain Written Contract for Sale of Land.

Oral testimony held admissible to explain written contract for sale of land, where not used to vary its terms, in vendor's action for specific performance.

3.    Specific Performance—Laches—Vendor Held Not to Lose Right to Specific Performance by Delay of Four Months and Twenty-six Days in Bringing Action.

Vendor held not, as matter of law, to lose right to specific performance of contract of sale by waiting 4 months and 26 days after right of action accrued before bringing action.

4.    Specific Performance—Vendor Held Not to Lose Right to Specific Performance by Losing Title During Pendency of Action by Foreclosure of Mortgage, Which Purchaser Had Agreed to Assume.

Vendor held not to lose right to specific performance of sale contract by losing title during pendency of action by foreclosure of mortgage, which purchaser had agreed to assume, where court found vendor able and willing to convey as agreed.

**5.  Specific Performance—Equity—Decree of Specific Performance Ordering Vendor to Convey by Warranty Deed, Together with Deed from Mortgagee Who Had Foreclosed, Held Proper Where Purchaser Had Agreed to Assume Such Mortgage.**

Decree of specific performance ordering vendor to convey by warranty deed, together with deed from mortgagee who had foreclosed, held proper where purchaser had agreed to assume such mortgage, though ordinarily purchaser is entitled to conveyance from one who contracts to convey, and cannot be compelled to accept title from another.

Note.—See, Headnote (1), American Key-Numbered Digest, Specific performance, Key-No. 28(2), 36 Cyc. 596, 598; (2) Evidence, Key-No. 413, 22 C. J. Sec. 1600; (3) Specific performance, Key-No. 105(3), 36 Cyc. 724; (4) Specific performance, Key-No. 95, 36 Cyc. 695; (5) Specific performance, Key-No. 96, 36 Cyc. 695 (Anno.).

On sufficiency of certainty and definiteness of contract for sale of real property to support decree of specific performance, see note in 2 L. R. A. (N. S.) 221; 25 R. C. L. 218, 219; 4 R. C. L. Supp. 1575.

On the rule that parol evidence not admissible to vary, add to, or alter a written instrument, see note in 17 L. R. A. 270, et seq.; 10 R. C. L. 1019; 2 R. C. L. Supp. 1141; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp 582.

Appeal from Circuit Court, Sully County; Hon. John F. Hughes, Judge.

Action by Joe J. Marso against Adolph Heck, Sr. Judgment for plaintiff, and defendant appeals. Affirmed.

*Gardner & Churchill,* of Huron, for Appellant.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

BURCH, C. Appellant seeks a reversal of the judgment in this action, decreeing specific performance of a contract for the sale of real property, upon three grounds: First, because the contract was too indefinite, uncertain, and contradictory to be specifically enforced; second, because of delay in commencing an action for such relief; and, third, because during the pendency of the action plaintiff lost title to the property, and thereby lost the right to insist on specific performance.

The appeal is from the judgment alone and the errors assigned are predicated upon the conclusions of law drawn by the trial court from its findings of fact. The contract is dated Feb-

ruary 2, 1921, and provides for the sale of one-half section of land in Sully county by respondent to appellant at the price of $22,400, payable, in the words and figures of the contract, as follows:

"$5,000.00 on the execution of this agreement, the receipt whereof is hereby acknowledged, and the balance of twelve thousand four hundred dollars, as follows, to wit: $5,000.00 March 1, 1921. $6,680.00 by assuming a mortgage now on the land due in 1924. $5,820.00 second mortgage due in 10 at 6%. Joe J. Marso is to pay A. Heck 250."

Appellant refused to perform and make the payment of $5,000 on March 1, 1921. This case was commenced on July 26, 1921, but the complaint was twice amended, and trial was not had until March 28, 1924. Findings and interlocutory decree were made and entered September 9, 1924, and final decree was entered June 4, 1925. During the pendency of the action, the $6,680 mortgage mentioned in the contract was foreclosed, and a sheriff's deed issued to J. M. Talcott in January, 1923. The court found that respondent is able, ready, and willing to procure a proper conveyance of Talcott's title to appellant and to deliver his (respondent's) warranty deed warranting the title to said premises, and is entitled to require of appellant, because of appellant's default and the foreclosure resulting therefrom, that appellant accept such title.

[1, 2] First, is the contract too indefinite, uncertain, and contradictory to be specifically enforced? The uncertainties appear in the following particulars: The contract recites the total consideration to be $22,400. After allowing for the payment of $5,000 first payment, it refers to the balance due as $12,400, instead of the correct balance of $17,400. However, such balance is divided into several payments, which are itemized and total $17,500, apparently $100 too much. The contract provides that the second mortgage is to become due in "10 at 6%" and for the payment of "250" by Marso to Heck. To explain the meaning of these expressions the court received oral testimony. The evidence disclosed the meaning of "10 at 6%" to be 10 years at 6 per cent interest, and "250" to mean $250. It also appeared that the first mortgage upon the land was due in 1925, and not in 1924, as stated in the contract. In explanation of the indorsement that

"Marso is to pay Heck $250," it appeared that Marso agreed to allow Heck $150 as commission, and that, the error of $100 having been discovered, such indorsement was made after the execution and delivery of the contract, to correct the error and to account for the commission promised. With this explanation, the contract becomes plain and intelligible. Oral testimony was admissible to explain the contract, so long as it was not used to vary its terms.

Appellant argues that the testimony was used to enable the court to reform the contract; that the court made extensive reformation thereof and decreed its specific performance as reformed. Plaintiff does not seek reformation of the contract but asks that it be enforced as written. The oral testimony explains the meaning of certain figures as used by the parties in recording their intentions. The mortgage that was assumed by appellant is correctly described, except as to its due date. The giving of the date does not appear to have been necessary to express the contract of the parties, but was used for identification of the mortgage. Without the date it is readily identified, and the real intention of the parties must be regarded, and the erroneous date disregarded. Section 870, R. C. 1919.

[3]  Second, did respondent lose his right to the relief sought by reason of his delay in bringing the action? The evidence is not before us ,and what may have caused the delay in bringing suit we do not know. We cannot say, as a matter of law, that suit cannot be brought 4 months and 26 days after the right of action accrues, when no such statute of limitations exists. Laches depends upon the facts and circumstances of the case.

[4]  Third, did respondent lose his right to specific performance because, during the pendency of the action, he lost title to the property by foreclosure of the mortgage, assumed by appellant, when at the time of the trial and the entering of the decree he was able to convey title? Appellant cites Smith v. Johnson, 35 S. D. 563, 153 N. W. 376, in support of his contention that the equitable remedy of specific performance will not lie in favor of a vendor who loses title before decree. In that case, title to a portion of the property was lost by cancellation of a desert land claim, and this court said:

"When one party to a contract purely executory in its nature sees fit to attempt, through an action in court, to enforce such contract, he is bound at all times to keep himself ready and able to fully perform such contract, and, to that end, he is bound to preserve the property and control of the title thereto; he cannot allow a condition to arise that will, of necessity, destroy a part of said property or deprive him of title thereto, and then invoke the rule which allows to a vendor the remedy of specific performance. * * * We know of no case, and believe none can be found, wherein a vendor was decreed specific performance when he was unable himself to comply with the terms of his contract, and such inability resulted through his own neglect."

There is an essential difference between that case and the one at bar. Here the vendor offers to convey the property in consideration of appellant's performance. He is not asking to be excused from performance on his part. The court finds he is able and willing to convey the title as agreed. Nor is there anything in the record to show that he has not at all times been able to do so. The remedy of specific performance is essentially equitable. It is invoked to prevent a breach of the contract. Where a breach cannot be prevented, the law provides other appropriate remedies. Consequently, in the case of Smith v. Johnson, where the contract could not be substantially performed owing to the inability of plaintiff to perform on his part, the court could not grant the relief sought but must leave plaintiff to pursue an appropriate remedy. In this case the contract can be substantially performed. If the equities are otherwise in favor of respondent, he is entitled to its performance, and the court should lend its aid in securing to respondent his rights.

[5] Appellant complains of the action of the court in compelling him to accept a conveyance from Talcott when his contract was with Marso (respondent). Ordinarily the vendee is entitled to a conveyance from the one who contracts to convey it, and cannot be compelled to accept title from another. Smith v. Johnson, 35 S. D. 563, 153 N. W. 376; Van Abel v. Wemmering, 33 S. D. 544, 146 N. W. 697; Weitze v. Leyson, 23 S. D. 367, 121 N. W. 868; Walkin v. Nokken, 38 S. D. 290, 161 N. W. 194. In this case the court ordered plaintiff to convey by warranty deed with an abstract of title certified to date of decree, together with a

deed from Talcott conveying all interest acquired by him under and by virtue of the sheriff's deed. The court found that this would convey a merchantable title. Under the contract defendant was entitled to a warranty deed from plaintiff conveying the land subject to the mortgage, with a recital that defendant assumed and agreed to pay such mortgage. Had defendant complied with his contract and paid the mortgage, he would have been entitled to a release of the mortgage. Not having done so, the mortgagee obtained a sheriff's deed, and, because a release is not now sufficient to extinguish the mortgagee's rights, the court compels a conveyance from the mortgagee divesting his rights at this time as completely as a release of the mortgage would have done prior to foreclosure. This is all that defendant is entitled to.

The judgment of the trial court is affirmed.

DILLON, J., not sitting.